# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| GHATTAS M. GHATTAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12-CV-2348 CAS |
| FIRST NATIONAL BANK OF | ) | |
| LAYTON, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is plaintiff Ghattas M. Ghattas's motion for leave to file an amended complaint. Defendant First National Bank of Layton ("First National Bank") opposes the motion, but its response was filed out of time. For the following reasons, the Court will grant the motion.

Plaintiff seeks to amend his complaint after the deadline to amend has passed. Pursuant to the Case Management Order entered in this case, the parties had until October 1, 2013, to amend their pleadings. In most instances where a party seeks leave to amend his complaint after the deadline in the applicable case management order has passed, as here, Federal Rule of Civil Procedure 16(b)'s good-cause standard applies, not the "when justice so requires" standard of Rule 15(a). See Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008); Popoalii v. Correctional Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008). The Eighth Circuit has explained the distinction between the two rules:

> Rule 15(a) of the Federal Rules of Civil Procedure governs motions for leave to amend pleadings and generally supports the liberal granting of such motions "when justice so requires." Rule 16(b), however, provides that scheduling orders limit the time for amending pleadings and that a schedule established by such an order "shall not be modified except upon a showing of good cause."

Schenk v. Chavis, 259 F. App'x 905, 907 (8th Cir. 2008).

"The primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements." Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir. 2006). Prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor. Sherman, 532 F.3d at 717.

The Court finds that plaintiff has shown good cause to permit amendment of his complaint. Plaintiff acted with sufficient diligence because he filed his motion for leave to amend relatively soon after taking the deposition in which he first learned of the facts that he contends support the new claim he now wishes to assert. The Court further finds that defendants will not be unduly prejudiced by the amendment. Defendants have ample time to conduct discovery regarding the new claim, which is closely related to other claims plaintiff asserted in his original complaint. What is more, defendants have adequate time to prepare for summary judgment and trial, as the dispositive motion deadline is four months away and trial is nine months away. The Court will grant plaintiff's motion to amend his complaint.

The Court, however, has reviewed plaintiff's proposed amended complaint and finds it is deficient. The amended complaint does not comply with Rule 10(a) of the Federal Rules of Civil Procedure because the caption does not include the name of each defendant. Rule 10(a) states in pertinent part, "The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." Fed. R. Civ. P. 10(a). Because an amended complaint supersedes the original and renders it of no legal effect, see In Home Health, Inc. v. Prudential Ins. Co., 101 F.3d 600, 603 (1996), the allegations of the original complaint may not supplement any deficiencies in the amended complaint. Counsel should have named all defendants in the caption of the amended complaint. In light of this defect, the Court

cannot docket plaintiff's proposed amended complaint, and it will order plaintiff to file an amended complaint that complies with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Amend Complaint is **GRANTED.** [Doc. 43]

**IT IS FURTHER ORDERED** that consistent with the terms of this Memorandum and Order, plaintiff shall file an amended complaint that complies with the Federal Rules of Civil Procedure and the Local Rules of this Court on or before **January 24, 2014.**

**IT IS FURTHER ORDERED** that Defendant First National Bank of Layton's motion to file its response to plaintiff's motion for leave to amend out of time is **DENIED** as moot. [Doc. 47]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   21st    day of January, 2014.