# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| GHATTAS M. GHATTAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:12-CV-2348 CAS |
| v. ) | |
| ) | |
| FIRST NATIONAL BANK OF ) | |
| LAYTON, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Daniela Spiridon's motion for an extension of time to respond to plaintiff's motion for partial summary judgment. Defense counsel requests an extension of time because defendant Spiridon is unavailable to respond to the motion. Plaintiff opposed the motion, arguing that defendant Spiridon failed to comply with the procedural requirements of Rule 56(d) of the Federal Rules of Civil Procedure. Defendant Spiridon did not file a reply memorandum in support of her motion, and the time to do so has expired, therefore, the motion is ripe for review. For the following reasons, the Court will grant defendant Spiridon's motion for an extension of time.

As background, Daniela Spiridon is criminal defendant in the matter of United States v. Spiridon, No. 4:13-CR-101 JAR, a case pending in this District before the Honorable John A. Ross. According to defense counsel, due to her criminal prosecution, Ms. Spiridon has

been asserting her Fifth Amendment rights as to discovery against her in the above-captioned cause of action, pending a resolution of the criminal matter.[1] Defense counsel further avers that a tentative plea agreement was entered into between the United States and Ms. Spiridon in Case No. 4:13-CR-101, with a hearing date set for May 22, 2014. According to the motion presently before the Court, it came to defense counsel's attention during the time he was preparing to respond to plaintiff's motion for partial summary judgment that Ms. Spiridon had been remanded to the United States Marshals for the purpose of conducting a psychiatric evaluation to determine her competency to enter a plea agreement or to stand trial in her criminal case. Since the time she went into custody for a mental evaluation, defense counsel has been unable to speak to or confer with defendant Spiridon for the purpose of responding to plaintiff's motion for partial summary judgment. Defense counsel requests that the Court grant defendant Spiridon additional time to respond to plaintiff's motion for partial summary judgment until after the court in the criminal matter has determined Ms. Spiridon's competency, and her plea has been entered.

Plaintiff Ghattas M. Ghattas opposes defendant Spiridon's motion, arguing that she has not complied with Federal Rule of Civil Procedure 56(d). First, plaintiff argues that defendant Spiridon failed to provide an affidavit in support of her motion. Second, plaintiff asserts that defendant Spiridon has not shown why she cannot respond to the motion, and

---

[1] In this civil matter, defendant Spiridon is represented by Dean A. Stark. Mr. Stark is not representing defendant Spiridon in her criminal case.

how postponement would enable her to rebut plaintiff's partial summary judgment motion.

The Court finds that defendant Spiridon is not seeking relief under Rule 56(d), but rather she is seeking relief under the general rule for extensions of time, Rule 6(b). Rule 56(d), as it is entitled, is for situations when a party is unable to respond to a summary judgment motion because "facts are unavailable to the nonmovant." See Fed. R. Civ. P. 56(d). In the motion, defense counsel is not stating that facts are unavailable to defendant Spiridon such that she cannot respond to the motion for partial summary judgment, but rather defense counsel is asking for an extension due to the fact that the defendant herself is unavailable because she is in federal custody and defense counsel has been unable to contact her. Defense counsel cannot be expected to respond to a summary judgment motion without consultation with his client. Furthermore, plaintiff's argument that defendant's motion must be accompanied by an affidavit from defendant Spiridon is nonsensical in this situation. Defense counsel has stated that he has been unable to communicate with his client, and that she is being evaluated to determine whether she is mentally competent to enter a plea or stand trial.

Having considered the parties' memoranda and the posture of this case, the Court finds there is good cause to grant defense counsel's motion for an extension to time to respond to plaintiff's motion for partial summary judgment, and on its own motion, the Court will enter a stay of this matter as to defendant Spiridon only. The Court will further order defendant Spiridon's counsel to provide the Court with monthly status reports. Every

thirty days, Spiridon's counsel shall file a written status report with the Court detailing his client's status and her ability to respond to plaintiff's motion for partial summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Daniela M. Spiridon's motion for an extension of time to respond to plaintiff's partial motion for summary judgment is **GRANTED.** [Doc. 79]

**IT IS FURTHER ORDERED** that this matter is **STAYED** as to defendant Daniela M. Spiridon only.

**IT IS FURTHER ORDERED** that thirty (30) days from the date of this Memorandum and Order, counsel for Daniela M. Spiridon shall file with the Court a written status report notifying the Court of Daniela M. Spiridon's status and her ability to respond to plaintiff's motion for partial summary judgment. Counsel for defendant Spiridon shall provide the Court with monthly written status reports until such time as the stay is lifted in this case, or counsel is otherwise ordered.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this \_\_27th\_\_\_\_ day of May, 2014.